**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CARLOS P.,

Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.

No. 2:26-cv-03187-AYP

MEMORANDUM OPINION AND ORDER

Plaintiff Carlos P.[1] seeks review of the Commissioner's denial of his application for disability insurance benefits under Title II of the Social Security Act. (Dkt. No. 1.) The parties consented to proceed before the magistrate judge and thereafter filed briefs addressing the disputed issues. (Dkt. Nos. 6, 7, 12, 13, 15.) The Court took the matter under submission without oral argument. For the reasons discussed below, the Court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings consistent with this Order.

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

## I. BACKGROUND

On July 26, 2023, Plaintiff applied for disability insurance benefits, alleging disability since June 29, 2023. (Administrative Record ("AR") 407-11.) After his application was denied initially and upon reconsideration, he requested a hearing before an administrative law judge ("ALJ"). (AR 80-91, 94-103, 153-92.) The ALJ conducted a hearing on March 27, 2025, at which Plaintiff appeared with counsel and testified. (AR 39-52.) A vocational expert ("VE") also testified. (AR 52-59.)

On May 7, 2025, the ALJ issued a decision denying benefits. (AR 16-36.) Following the five-step sequential evaluation process applicable to disability determinations,[2] the ALJ found that Plaintiff had the following "severe" impairments: seronegative rheumatoid arthritis, asthma, obesity, plantar fasciitis, and bilateral trigger finger. (AR 24.) The ALJ determined that Plaintiff nevertheless retained the residual functional capacity ("RFC") to perform medium work with the following specific limitations: "can lift and carry up to 50 pounds occasionally and 25 pounds frequently; can sit for 6 hours, stand for 6 hours, and walk for 6 hours in a workday; can frequently push and pull with the extremities and frequently handle and finger with the bilateral upper extremities; can tolerate occasional exposure to hazards or climbing ladders, ropes, or scaffolds, and frequent balancing, crawling, crouching, kneeling, stooping, or climbing ramps or stairs, as those are defined in the Dictionary of Occupational Titles (DOT) and the Selected Characteristics of Occupations (SCO); can tolerate occasional exposure to extreme temperatures, vibration, and

---

[2] The ALJ determines disability using a five-step sequential evaluation process, which examines whether (1) the claimant engaged in substantial gainful activity, (2) the claimant has a severe impairment, (3) the impairment meets or equals a listed impairment, (4) the claimant is able to do past relevant work, and (5) the claimant is able to do any other work. 20 C.F.R. § 404.1520(a)(4).

atmospheric conditions such as fumes, noxious odors, dusts, mists, gases, and poor ventilation as defined in the SCO." (AR 26.)

At step four, relying on the VE's testimony, the ALJ determined that Plaintiff could perform his past relevant work as a semi-truck driver as actually and generally performed. (AR 30.) Alternatively, the ALJ found that Plaintiff could perform other jobs existing in significant numbers in the national economy, including dining room attendant, industrial sweeper/cleaner, and night cleaner. (AR 31.) Accordingly, the ALJ concluded that Plaintiff was not disabled from his alleged onset date of June 29, 2023, through the date of the ALJ's decision. (AR 32.)

On June 10, 2025, Plaintiff filed a request with the Appeals Council for review of the ALJ's decision. (AR 404-06.) The Appeals Council subsequently denied Plaintiff's request for review. (AR 1-8.)

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is supported by substantial evidence and whether the proper legal standards were applied. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995). "Substantial evidence" is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citations omitted). In determining whether substantial evidence supports the ALJ's findings, the Court must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. *Ahearn v. Saul*, 988 F.3d 1111, 1115-16 (9th Cir. 2021). When the evidence can rationally be interpreted in more than one way, the Court must uphold the Commissioner's decision. *Id.*; *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016).

## III. DISCUSSION

Plaintiff contends that the ALJ failed to provide legally sufficient reasons for discounting his subjective symptom testimony. (Dkt. No. 12 at 4-11.) As discussed below, the Court agrees.

When a claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the alleged symptoms, and there is no affirmative evidence of malingering, an ALJ may reject the claimant's testimony regarding the severity of those symptoms only by providing specific, clear and convincing reasons supported by substantial evidence. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014). General findings are insufficient; rather, the ALJ must specifically identify the testimony being discounted and explain what evidence undermines it. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 493-94 (9th Cir. 2015); *Ortiz v. Bisignano*, 179 F.4th 691, 706 (9th Cir. 2026). Although an ALJ need not discuss every piece of evidence or draft a "line-by-line exegesis" of the claimant's testimony, the Court must be able to follow the ALJ's reasoning and determine that such testimony was not arbitrarily discredited. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020); *see also Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (the clear and convincing standard requires an ALJ to "show his work").

At the administrative hearing, Plaintiff testified that he had rheumatoid arthritis and bilateral trigger fingers that caused hand swelling, numbness, weakness, and finger cramping. (AR 42-43, 48-49.) He described difficulty using zippers, buttoning clothing, and opening jars. (AR 49.) He further testified that he could lift only three to four pounds because he could not adequately grasp objects and would drop them. (AR 50.) In his pain questionnaire, Plaintiff similarly reported that using his hands caused his fingers to cramp and lock for approximately five minutes and that he had to

wait until they returned to normal functioning. (AR 470.) According to Plaintiff, these symptoms interfered with activities such as cleaning, driving, and moving objects. (AR 470-71.)

The ALJ discounted Plaintiff's subjective symptom testimony based on (1) pain control with medication, (2) the sparse treatment record, (3) questionable effort during grip-strength testing, and (4) the objective medical findings. (AR 27-30.) The Court addresses each of these reasons in turn.

First, the ALJ noted that Plaintiff was in "no acute distress" during his medical examinations, which indicated "at least moderately good control of his pain with medications." (AR 27.) Impairments that can be effectively controlled with medication are not disabling. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Here, however, the ALJ did not adequately explain how these observations undermined Plaintiff's allegations concerning his hands. His general appearance during examinations did not establish that medication controlled his reported pain, cramping, and locking with hand use. Moreover, the medical record documented persistent joint pain despite medication and rheumatoid arthritis that remained active, and his medications were being adjusted accordingly. (AR 626, 635, 649, 660-61, 760-61, 773-74.) This evidence did not support the ALJ's characterization of Plaintiff's pain as adequately controlled. Thus, this was not a clear and convincing reason for discounting Plaintiff's hand complaints. *See Porteous v. Saul*, 852 F. App'x 268, 270 (9th Cir. 2021) (finding that observations of no acute distress did not contradict the claimant's reported episodes of extreme pain and that the ALJ's finding of effective pain management was unsupported by the treatment record).

Second, the ALJ characterized Plaintiff's treatment record as "sparse" and reasoned that individuals with disabling impairments would require medical care "on at least a semi-regular basis." (AR 28.) An ALJ may consider

whether a claimant's frequency of treatment is inconsistent with the alleged severity of his or her symptoms. Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *9-10. Here, however, the ALJ did not identify specific gaps in treatment or explain why Plaintiff's care was less frequent than his symptoms would warrant. Indeed, the medical record reflected ongoing treatment for rheumatoid arthritis, including methotrexate, Plaquenil, and prednisone, laboratory monitoring, and medication adjustments. (AR 626, 635, 649, 660-61, 760-61, 773-74.) The ALJ did not explain why this treatment history was inconsistent with Plaintiff's hand complaints. His general statement that disabling impairments require semi-regular medical care therefore did not provide a specific, clear and convincing reason for discounting those complaints.

Third, the ALJ questioned Plaintiff's effort at the consultative examination, reasoning that the five-pound bilateral grip-strength testing results were inconsistent with the absence of muscle atrophy, swelling, or deformity. (AR 29-30.) The ALJ, however, identified no medical support for his inference that the absence of these findings indicated poor effort. Indeed, the consultative examining physician did not question Plaintiff's effort in his report. (*See* AR 706-11.) Although the consultative examiner assessed no manipulative limitations, that assessment did not itself establish that Plaintiff's effort during testing was unreliable. The ALJ's suspicion therefore did not provide a clear and convincing reason for discounting Plaintiff's hand complaints.

Finally, the ALJ relied on generally normal hand range of motion, intact finger approximation, and examinations showing no swelling or deformity. (AR 27-30.) The objective record was mixed, however, and also documented tenderness and puffiness in Plaintiff's finger joints and wrists and persistently elevated erythrocyte sedimentation rate ("ESR"), a marker of inflammation.

(AR 626, 635, 649, 660-61, 760-61, 773-74.) These abnormal findings provided some support for Plaintiff's complaints of hand pain and difficulty using his hands. Moreover, a lack of supporting objective medical evidence cannot be the sole basis for discounting subjective symptom testimony. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *see also* SSR 16-3p, 2017 WL 5180304, at *5. Accordingly, because the ALJ's other reasons were insufficient, the objective findings alone cannot support his rejection of Plaintiff's hand complaints.[3]

Moreover, the ALJ's error was not harmless. Plaintiff described difficulty grasping objects, dropping them, and episodes of finger cramping and locking with hand use. If credited, this testimony could support greater handling restrictions than the frequent handling permitted by the RFC. And because Plaintiff's past relevant work and all alternative occupations identified by the ALJ at step five required at least frequent handling, such a limitation could preclude all of the identified jobs. The Court therefore cannot find that the error was inconsequential to the ultimate nondisability determination. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

## IV. REMEDY

The decision whether to remand for further proceedings or for an immediate award of benefits is within the Court's discretion. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1102 (9th Cir. 2014). When there are outstanding issues that must be resolved before a disability determination can be made and it is not clear from the record that the ALJ

---

[3] Defendant argues that the ALJ also relied on the medical opinions to discount Plaintiff's testimony. (Dkt. No. 13 at 5.) But the ALJ did not specifically identify them as a separate reason for discounting Plaintiff's hand complaints. (*See* AR 27-30.) Moreover, those opinions were based on the objective medical findings, and as discussed above, subjective symptom testimony cannot be discounted based on a lack of supporting objective medical evidence alone.

would be required to find the claimant disabled if the evidence were properly evaluated, remand for further proceedings is appropriate. *Id.* In contrast, an immediate award of benefits is appropriate only where further proceedings would serve no useful purpose and the record has been fully developed. *Id.*

Here, remand for further administrative proceedings is appropriate because the extent of Plaintiff's hand limitations remains unresolved. Further proceedings would permit the ALJ to reevaluate Plaintiff's subjective symptom testimony, reassess Plaintiff's RFC, and obtain additional vocational testimony as necessary. Accordingly, remand for further proceedings is warranted. *See Treichler*, 775 F.3d at 1101-05.

## V. ORDER

For the foregoing reasons, IT IS ORDERED that the decision of the Commissioner is reversed and this matter is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED: October 30, 2026

ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE